Robert PIPOLY; Debra A. Pipoly, as Parents and Natural Guardians on behalf of their children Joseph Pipoly and Candice Pipoly, Plaintiffs–Appellants,

v.

PREMIER PARKS, INC., dba Geauga Lake Park; Geauga County Sheriffs Department; Mike Rowe; Harry Rockwood, Defendants–Appellees.

No. 00–3616.

United States Court of Appeals, Sixth Circuit.

Aug. 20, 2001.

Before MOORE and COLE, Circuit Judges; and ROSEN, District Judge.*

OPINION

COLE, Circuit Judge.

Plaintiffs–Appellants Robert and Debra Pipoly, individually and as parents and natural guardians on behalf of their two children, appeal the district court's grant of summary judgment in favor of Defendants–Appellants Premier Parks, Inc.

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

("Geauga Lake Park" or the "Park"), Park Supervisor Mike Rowe, Geauga County Sheriff's Department (the "Sheriff's Department"), and Deputy Sheriff Harry Rockwood. Robert Pipoly ("Pipoly") filed an action under 42 U.S.C. § 1983 in federal district court alleging that the Sheriff's Department and Rockwood violated his Fourth Amendment right to be free from an unreasonable seizure. Subject matter jurisdiction was authorized under 28 U.S.C. § 1331, and Plaintiffs filed numerous state-law tort claims based on the district court's supplemental jurisdiction under 28 U.S.C. § 1367. Having determined that Rockwood was entitled to qualified immunity and that Pipoly failed to present any genuine issue of material fact regarding a deprivation of his constitutional rights, the district court granted summary judgment in favor of Defendants on Pipoly's federal claims, declined to exercise supplemental jurisdiction over the remaining state law claims, and dismissed the case. For the reasons that follow, we AFFIRM the judgment of the district court.

## DISCUSSION

The facts of this case are undisputed, and the district court's rendition is consistent with Plaintiffs'. Deputy Sheriff Harry Rockwood, an off-duty officer providing security services for Geauga Lake Park, was patrolling the Park when he was called by radio to respond to a disturbance involving Pipoly and Park Supervisor Mike Rowe. Rockwood came upon the scene and saw Pipoly strike Rowe. Rockwood restrained Pipoly by holding him up against a wall with his hands behind his back for about five minutes and then escorted him out of the Park. The only issues before us are (1) the status of Rockwood's commission with the Geauga County Clerk of Courts on the date of the incident; and (2) whether the Sheriff's Department violated

Pipoly's constitutional rights by failing to train its employees. We will address each issue in turn.

## I. Rockwood

■ The only issue raised by Plaintiffs on appeal with regard to Rockwood involves the status of Rockwood's commission with the Geauga County Clerk of Courts as of May 26, 1997, the date of the incident. Plaintiffs do not argue that genuine issues of material fact exist as to whether Rockwood acted unreasonably or used excessive force during the incident in question. Instead, Plaintiffs argue that the district court improperly determined that Rockwood was acting under color of state law as a fully commissioned deputy sheriff and that this question should have gone to a jury. Plaintiffs state:

> The Court determined that despite the conflicting evidence Defendant, Harry Rockwood, was acting under color of state law as a fully commissioned deputy sheriff.... It is Plaintiffs' contention that Deputy, Harry Rockwood, was acting under color of state law but only as a civil process server not as a fully commissioned deputy sheriff. In other words, the commission afforded him did not grant him the authority or power to do what he did to Plaintiff, Robert Pipoly on May 26, 1997.

There is no "conflicting evidence" on this point. Both parties acknowledge that Rockwood's full commission had not been recorded with the Geauga County Clerk of Courts as of the day in question due to a clerical error on the part of the Clerk. As Defendants explain, Rockwood had been sworn in as a deputy sheriff by Sheriff George Simmons in the spring of 1996, but the Clerk inadvertently failed to file the commission. Plaintiffs do not allege that Rockwood was acting under false pre-

**326**

tenses or that he in fact knew he technically was not fully commissioned on the day in question. Furthermore, Plaintiffs point to no evidence showing that this clerical error actually negated, or affected in any way, the status of Rockwood's commission. And finally, Plaintiffs do not explain how this distinction is relevant to their case. Plaintiffs simply assert, "If the Court takes the position that [Rockwood] was not fully commissioned, then it is clear that [Rockwood] did not have the authority or right to do what he did to Plaintiff, Robert Pipoly." Plaintiffs present no authority to support this conclusion.

A clerical error by the Clerk of Courts-neither discovered nor corrected until soon after the Geauga Lake incident-does not negate the fact that Rockwood was acting under color of state law as deputy sheriff on the day in question. Rockwood had been appointed as a deputy sheriff in 1996; everyone involved in the incident, including Rockwood, was under the impression that Rockwood was in fact a Geauga County deputy sheriff; and even if Rockwood had been acting under color of state law as a civil process server only, the facts as alleged by Plaintiffs simply do not amount to excessive force as a matter of law.

Accordingly, Plaintiffs' assignment of error in this regard is without merit.

## II. Sheriff's Department

■ Without citing to anything in the record, Plaintiffs assert:

> [Geauga County Sheriff] Simmons let [the deputy sheriffs] do whatever they want and knew nothing of the workings of the Sheriff's post at Geauga Lake Park. It is clear that there was no training of these deputies at Geauga Lake Park and as a result of this failure to train and supervise an uncommissioned officer, Plaintiff, Robert Pipoly, was harmed and had his civil rights violated.

Plaintiffs assert that this alleged "failure to train" satisfies the *Monell* standard for holding a municipality or subdivision liable for civil rights violations. *See Monell v. New York City Dep't of Social Serv.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (holding that liability under 42 U.S.C. § 1983 arises only when the municipality itself causes the constitutional violation based on its policies, customs, or failure to train its officers). Plaintiffs point to nothing in the record to support this allegation. In fact, Rockwood completed 690 hours of required peace officer training and met all state requirements for becoming a fully-commissioned law enforcement officer, including passing a written examination, prior to being sworn in as a deputy sheriff in 1996. There is simply no evidence to show that other Geauga County deputy sheriffs are not held to the same standard, or that the Sheriff's Department caused a constitutional violation based on a policy, custom, or failure to train its officers.

## III. State Claims

The exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is not mandatory, and a district court may decline to exercise that jurisdiction when it has dismissed all other claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3). Thus, the district court did not err in dismissing Plaintiffs' remaining state law claims.

## CONCLUSION

Accordingly, we AFFIRM the judgment of the district court.